## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| MOSES SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-CV-1467 |
| | ) |
| MARLU STOCKTON LLC d/b/a | ) |
| CHURCH'S CHICKEN a/k/a LITTLE | ) |
| CAESARS PIZZA a/k/a MARLU | ) |
| INVESTMENT GROUP a/k/a | ) |
| MARLU INDIANA LLC, | ) |
| | ) |
| Defendant. | ) |

## **NOTICE OF REMOVAL**

Defendant, Marlu Indiana LLC (incorrectly identified in Plaintiff's Complaint as Marlu Stockton LLC d/b/a Church's Chicken a/k/a Little Caesars Pizza a/k/a Marlu Investment Group a/k/a Marlu Indiana LLC), by counsel, hereby provides notice, pursuant to 28 U.S.C. §§ 1446 and 1332, of its removal of the above-captioned case from the Superior Court of Johnson County, Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division. The grounds for removal are as follows:

### **Background**

1. On March 14, 2019, Plaintiff commenced an action now pending in the Johnson County Superior Court, Cause No. 41D01-1903-CT-000044.

2. Plaintiff's Complaint alleges negligence against Defendant for failing to keep a proper business environment for its business invitees.

3. Plaintiff perfected service of the Complaint on Defendant on or about March 18, 2019. Counsel appeared in the Indiana state court action on behalf of Defendant on or about March 28, 2019.

4. Venue is proper in this Court because the United States District Court for the Southern District of Indiana, Indianapolis Division, is the federal judicial district and division embracing the Superior Court of Johnson County, Indiana, where this action was originally filed.

5. By filing a Notice of Removal in this matter, Defendant does not waive its rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Defendant specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

6. As discussed below, this Court has original jurisdiction under 28 U.S.C. §1332 and this case is removable under 28 U.S.C. §1441.

**Diversity of Citizenship Exists Between the Parties**

7. Upon information and belief, Plaintiff Moses Smith is a citizen of the state of Indiana.

8. Defendant Marlu Indiana LLC (incorrectly named as Marlu Stockton LLC d/b/a Church's Chicken a/k/a Little Caesars Pizza a/k/a Marlu Investment Group a/k/a Marlu Indiana LLC), is a citizen of the state of California, as Marlu Indiana LLC has two (2) members, Greg Maroni and Anton Lutfi, both of whom are residents and citizens of the state of California. *See* Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir. 1998).

9. Considering the foregoing, the controversy in this cause of action is entirely between citizens of different states of the United States, and Defendant desires to remove this

cause from the State Court to the United States District Court for the Southern District of Indiana, pursuant to 28 U.S.C. § 1332(a)(1) and 1441(a).

### The Amount In Controversy Requirement is Satisfied

10. The amount in controversy requirement of 28 U.S.C. §1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. Where, as here, the complaint does not specify the amount in controversy, the removing Defendant must show a reasonable probability that the jurisdictional minimum has been met. Malinowski v. Walgreen Co., No. 2:08-CV-173 RM, 2008 WL 2704740, at *3 (N.D. Ind. July 3, 2008). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* (quoting Oshana v. Coco-Cola Co., 472F. 3d 506,511 (7TH Cir. 2006)).

11. Here, the Complaint alleges that Plaintiff Moses Smith fell as he stepped in the door of Little Caesars Pizza Restaurant, causing injuries and damages. Plaintiff has made a settlement demand for the sum of $100,000.00. Accordingly, Defendant holds a good-faith belief that Plaintiff is seeking greater than $75,000.00 in damages in this case.

12. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Defendant.

### Removal is Appropriate

13. Thus, the matter involves a controversy between citizens of different states pursuant to 28 U.S.C. §1332, there are no other defendants to consent to removal, and counsel for Marlu Indiana LLC (incorrectly named as Marlu Stockton LLC d/b/a Church's Chicken a/k/a Little Caesars Pizza a/k/a Marlu Investment Group a/k/a Marlu Indiana LLC) has a good-faith

belief that the amount in controversy exceeds $75,000.00. Removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446.

14. A copy of the Defendant's Notice to Plaintiffs and Clerk of the Johnson County Superior Court of the Defendant's Application to Remove Cause to Federal Court is attached hereto as Exhibit "A".

15. Attached as Exhibit "B" is a complete copy of all process and pleadings on file in said cause of action with the Johnson County Superior Court as of the date of filing this Notice of Removal.

        KIGHTLINGER & GRAY, LLP

    By: *Melissa F. Danielson*
      Melissa F. Danielson (#25541-05)
      *Attorney for Defendant*